UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN MANCHESTER, on her own behalf
and other similarly situated,

    Plaintiff,

vs.

OPTUM, INC., a Delaware Corporation,
CONNEXTIONS, INC., a Florida Corporation, and
XYZ ENTITIES 1-10 (fictitious names of unknown
liable entities),

    Defendants.
_____/

Case No.: 6:14-cv-1662-ORL-28-GJK

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between DONALD BATTEY ("Plaintiff"), OPTUM, INC., CONNEXTIONS, INC., and XYZ ENTITIES 1-10 (referred collectively as "Defendants").

WHEREAS, Plaintiff, through the above-referenced case, alleged that unpaid overtime compensation was due to Plaintiff pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Defendants deny any violation of the FLSA as it regards Plaintiff, and, in fact, assert that they have at all times complied with the FLSA in compensating Plaintiff; and

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiff's FLSA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS.** Plaintiff acknowledges that the settlement reached herein is a fair and reasonable settlement of Plaintiff's FLSA claims against Defendants.

3. **RELEASE OF FLSA CLAIMS.**

   a. This Agreement shall constitute a waiver and release of all claims Plaintiff has or might have under the FLSA against Defendants.

   b. The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice with the Court.

   c. Plaintiff hereby knowingly and voluntarily releases Defendants; their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers; and their past and present directors, officers, managers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees"); of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of execution of this

Agreement. This release does not include the waiver of claims by Plaintiff of any claims other than Plaintiff's FLSA claims.

4. **CONSIDERATION**.

a. If: (1) Plaintiff executes this Agreement; and (2) the Court approves this Agreement and dismisses this action with prejudice, then, in consideration of the matters set forth herein, Defendants (or their designee) shall pay to Plaintiff the total sum of Two Thousand, One Hundred and Fifty-One Dollars and Fifty-Six Cents ($2,151.56) (hereinafter the "Settlement Sum"), less applicable deductions as described below, within twenty-one (21) calendar days after the Court's approval of this Agreement. Such Settlement Sum shall be allocated as follows:

- $569.51, made payable to Donald Battey, as and for overtime compensation allegedly due to Plaintiff pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Plaintiff;

- $569.51, made payable to Donald Battey, as and for alleged liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Plaintiff; and

- $1,012.53, made payable to Shavitz Law Group, P.A., as payment of attorneys' fees incurred in connection with Plaintiff's claims under the FLSA, and for which separate IRS Forms 1099 shall issue to Plaintiff and Shavitz Law Group, P.A. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

Plaintiff understands and acknowledges that Plaintiff would not receive the payments specified in this paragraph except for Plaintiff's execution of this Agreement, including the Release of FLSA Claims contained herein, and Plaintiff's fulfillment of the promises contained herein.

3

b.  Defendants make no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or Plaintiff's attorneys under the terms of this Agreement.

5. **AFFIRMATIONS**.

a.  Plaintiff affirms that, upon payment of the amounts set forth herein, Plaintiff will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with Plaintiff's claims for overtime compensation against Defendants.

b.  Plaintiff affirms that, as of the date Plaintiff signs this Agreement, Plaintiff is not suffering from end stage renal failure and has not received Social Security Disability Insurance benefits for 24 months or longer. Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiff. Plaintiff agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiff is required to indemnify Releasees under this paragraph. Further, Plaintiff agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

6. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA. This Agreement represents the compromise of disputed and contingent claims.

7. **OPPORTUNITY TO REVIEW**. Plaintiff acknowledges Plaintiff is aware Plaintiff is giving up all FLSA claims Plaintiff may have against the Releasees. Plaintiff acknowledges Plaintiff has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that Plaintiff has consulted with Plaintiff's counsel-of-record, Keith M. Stern, Esq., prior to executing this Agreement. Plaintiff signs this Agreement voluntarily.

8. **WAIVER OF JURY TRIAL. Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiff and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA claims asserted in the above-referenced case.**

9. **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiff's FLSA claims.

10. **VENUE AND GOVERNING LAW.** This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Middle District of Florida, Orlando Division.

11. **ENTIRE AGREEMENT AS TO FLSA CLAIMS.** This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of the FLSA claims. Plaintiff acknowledges Plaintiff has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with Plaintiff's decision to sign this Agreement, except those set forth in this Agreement.

12. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES

SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _March 9_, 2015     DONALD BATTEY
                            _/s/ Donald Battey_

STATE OF FLORIDA )
COUNTY OF _Manatee_ )

SWORN TO AND SUBSCRIBED before me this _9_ day of _March_, 2015, by Donald Battey, who is personally known to me or has produced _Florida drivers license 5/23/2@_ as identification.

_/s/ Liza K. Keil_
(Notary Signature)

_LIZA K Keil_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _EF 122604_

[Notary Seal: LIZA K. KEIL, Notary Public, State of Florida, Commission # EE 122604, My comm. expires Oct. 25, 2015]

Dated: _April 8_, 2015     OPTUM, INC.

                            By: _/s/_

7

Dated: April 1, 2015                    CONNEXTIONS, INC.

                                        By: /s/

4850-2891-9329, v. 1